IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 08-cv-00532-LTB-KLM

EAGLE AIR MED CORPORATION; and
SCENIC AVIATION, INC.,

    Plaintiffs,

v.

JAMES B. MARTIN, Executive Director of Colorado Department of Public Health and
Environment, in his official capacity; and
D. RANDAL KUYKENDALL, Chief of the Emergency Medical and Trauma Services Section of
the Colorado Department of Public Health and Environment in his official capacity,

    Defendants.

---

ORDER
---

This action is before me on Defendants' Fed. R. Civ. P. 12(b)(1) and 12(b)(6) Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim [Doc # 34]. Oral argument would not materially assist in determination of the motion. After consideration of the motion, all related pleadings, and the case file, I grant the motion as set forth below.

**I. Background**

Plaintiffs' Complaint asserts that Plaintiff Eagle Air Med Corporation ("Eagle Air") is an air ambulance agency licensed in the State of Colorado with a base in Alamosa, Colorado and that Plaintiff Scenic Aviation, Inc. ("Scenic") provides the air transport capability that Eagle Air uses to operate its emergency medical air ambulance services. Plaintiffs seek a declaratory judgment that C.R.S. § 25-3.5-307, which governs the licensure of air ambulances, and the regulations that have been promulgated thereunder have been preempted by the Federal Aviation

Act of 1958 (the "FAA Act"), codified as amended at 49 U.S.C. §40101, *et seq*., which Plaintiffs assert renders aviation safety subject to federal regulation only, and by 49 U.S.C. § 41713(b)(1), a provision of the Airline Deregulation Act of 1978 (the "ADA") which prohibits states from enacting or enforcing laws or regulations that relate to the prices, routes, or services of FAA certified air carriers. In particular, Plaintiffs challenge the statutory and regulatory requirements that entities seeking to provide air ambulance services in Colorado must acquire and maintain accreditation by the commission on accreditation of medical transport systems ("CAMTS"), whose standards they claim primarily address aviation safety issues.

At the time Plaintiffs commenced this action, Eagle Air was at imminent risk of losing its accreditation by CAMTS, which would result in the loss of Eagle Air's Colorado air ambulance license as well. By Order dated July 31, 2008, this case was stayed pursuant to the *Younger* abstention doctrine as a result of an ongoing investigation into Eagle Air's licensure status by the Colorado Department of Public Health and Environment ("CDPHE"). Sometime after the order of stay was entered, Eagle Air and CAMTS reached an agreement that has enabled Eagle Air to retain its CAMTS accreditation at the present time. However, the corresponding consent agreement, which expires in July of 2009, imposes certain conditions on Eagle Air's continued CAMTS accreditation including oversight by a consultant team and special master at Eagle Air's expense. CAMTS' website also lists Eagle Air as an accredited service that is "Under Special Review." In any event, as a result of the consent agreement, CDPHE closed its investigation of Eagle Air with no adverse action taken, and Defendants assert that there is no current threat to Eagle Air's continued operation as a Colorado-licensed air ambulance service provider.

By the Motion, Defendants argue that Plaintiffs' claims must be dismissed pursuant to

2

Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction under the legal doctrine of mootness. Alternatively, Defendants argue that Plaintiffs' claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because neither the FAA Act nor the ADA preempts Colorado's regulation of air ambulance services.

## II. Standard of Review

### A. Rule 12(b)(1) Legal Standard

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keller,* 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). In considering a motion to dismiss under Rule 12(b)(1), I have wide discretion to consider evidence outside the pleadings. *Holt v. U.S.,* 46 F.3d 1000, 1003 (10th Cir. 1995). Such consideration does not ordinarily convert the motion to a summary judgment motion under Fed. R. Civ. P. 56. *Id.*

### B. Rule 12(b)(6) Legal Standard

Under Rule 12(b)(6), "[d]ismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face." *United States ex rel. Conner v. Salina Regional Health Center,* 543 F.3d 1211, 1217 (10th Cir. 2008) (quotations and citations omitted). Although a plaintiff must provide "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action . . . [s]pecific facts are not necessary; the statement need only give the defendant fair notice of what

3

the ... claim is and the grounds upon which it rests." *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) (quotations and citations omitted).

### III. Analysis

Defendants concede that Plaintiffs satisfied the Article III "case or controversy" requirement for federal court jurisdiction at the time this case was filed but argue that this case is now moot because CDPHE has since closed its investigation into Eagle Air's licensure status and there is no pending threat to Eagle Air's continued operation as a Colorado-licensed air ambulance service provider. I agree.

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Chihuahuan Grasslands Alliance v. Kempthorne,* 545 F.3d 884, 891 (10th Cir. 2008). In actions seeking declaratory relief, determining the existence of a live case or controversy requires that a court "look beyond the initial controversy which may have existed at one time and decide whether the facts alleged show that there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (*quoting Beattie v. United States,* 949 F.2d 1092, 1094 (10th Cir. 1991)). "If an event occurs while a case is pending that heals the injury and only prospective relief has been sought, the case must be dismissed." *Id.* at 892 (*quoting Utah Wilderness Alliance v. Smith,* 110 F.3d 724, 727 (10th Cir. 1997)).

Defendants argue that Plaintiffs' claims for declaratory relief are moot because they are predicated on an imminent threat that Eagle would lose its CAMTS accreditation and air ambulance license which no longer exists. Careful review of the Complaint supports the conclusion that Plaintiffs' claims are framed primarily in relation to the then pending

4

investigations into Eagle Air's CAMTS accreditation and air ambulance license. Indeed, Plaintiffs do not argue that the general principles of the doctrine of mootness are not present in this case as a result of recent actions taken by CAMTS and CDPHE. Rather, Plaintiffs argue that the "voluntary cessation" exception to this doctrine is applicable.

The voluntary cessation exception to the doctrine of mootness is designed to prevent the defendant from returning to his "old ways" and reinstating a challenged practice once the federal courts lose their jurisdiction to determine its legality. *Friends of the Earth v. Laidlaw,* 528 U.S. 167, 189 (2000). *See also Chihuahuan Grasslands,* 545 F.3d at 892 ("... this exception exists to counteract the possibility of a defendant ceasing illegal action long enough to render a lawsuit moot and then resuming the illegal conduct."). When applicable, this exception results in the use of a more stringent standard to determine if a case has been rendered moot. *Laidlaw, supra.* Thus, a case may be rendered moot as a result of the defendant's voluntary conduct only if it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (*quoting United States v. Concentrated Phosphate Export Assn.,* 393 U.S. 199, 203(1968)). The "heavy" burden of demonstrating that the allegedly wrongful behavior cannot reasonably be expected to recur lies with the party asserting mootness. *Id.*

Plaintiff argue that Defendants cannot meet the heavy burden for the voluntary cessation exception to mootness as a result of the circumstances surrounding the consent agreement, as well as Eagle Air's historically contentious relationship with CAMTS . Before analyzing the merits of this argument, I must first determine if the voluntary cessation exception is applicable under the facts of this case. In making this determination, I am mindful that this exception has been construed narrowly. *See e.g. Riley v. INS,* 310 F.3d 1253, 1257 (10th Cir. 2002).

5

Defendants argue that since CDPHE's termination of its investigation into Eagle Air's licensure as an air ambulance service provider was dictated by the actions of CAMTS, there was no "voluntary" action by Defendants to warrant application of the voluntary cessation exception to the mootness doctrine. Rather, Defendants argue that Plaintiffs' claims were rendered moot through "happenstance," or circumstances not attributable to the parties in this case. *See Arizonans for Official English v. Ariz.,* 520 U.S. 43, 71-2 (1997) (dismissal is appropriate when mootness occurs through happenstance). I agree based on recent Tenth Circuit precedent.

In *Chihuahuan Grasslands,* environmental groups sought declaratory and injunctive relief in connection with the United States Bureau of Land Management's ("BLM") sale of oil and gas mineral leases on public lands in alleged violation of federal law. While the district court's decision in favor of BLM was on appeal, the appellees moved to dismiss on mootness grounds based on BLM's termination of the leases at issue for nonpayment by the lessee. In rejecting the environmental groups' argument that voluntary cessation exception to the mootness doctrine was applicable, the Tenth Circuit concluded that there was no evidence that BLM's termination of the leases at issue constituted "a 'voluntary cessation' of illegal conduct made in an effort to avoid judicial review or avoid judgment by temporarily altering questionable behavior." *Chihuahuan Grasslands,* 545 F.3d at 893. Instead, the Tenth Circuit concluded that the lease terminations resulted from the actions of the third-party lessee thereby implicating the principle that dismissal is appropriate when mootness occurs through happenstance circumstances not attributable to the parties. *Id.*

Likewise here, CHPHE's investigation into Eagle Air's licensure status was terminated as a direct result of CAMTS' actions in entering into the consent agreement with Eagle Air and

6

allowing it to retain its accreditation.  As such, there is no basis to conclude that CDPHE closed its investigation to preclude my review of Plaintiffs' claims regarding its licensing policies and practices for air ambulance service providers.  The voluntary cessation exception to the mootness doctrine is therefore inapplicable in this case, and I need not consider whether Defendants have demonstrated that their allegedly wrongful behavior cannot reasonably be expected to recur.  This case is therefore governed solely by the general principles of the mootness doctrine.  With the elimination of the imminent threat to Eagle Air's CAMTS accreditation and air ambulance license, these principles dictate the dismissal of Plaintiffs' claims for lack of subject matter jurisdiction.  Although a potential threat to Eagle Air's air ambulance license may still exist, this threat is not sufficiently immediate or likely to warrant the issuance of the requested prospective declaratory relief.

Having concluded that this Court lacks subject matter jurisdiction over Plaintiffs' claims under the mootness doctrine, it is unnecessary for me to address Defendants' alternative argument that Plaintiffs' claims must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

For the reasons set forth above, IT IS HEREBY ORDERED that

1.  Defendants' Fed. R. Civ. P. 12(b)(1) and 12(b)(6) Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim [Doc # 34] is GRANTED pursuant to Fed. R. Civ. P. 12(b)(1); and

2. Plaintiffs' claims are DISMISSED AS MOOT.

Dated: March   12  , 2009 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE